**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
Sarah R. Lavelle, Esq. (027632004) *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KENNETH LANE** <br> 24 Roanoke Street <br> Woodbridge, NJ 07095 <br>   Plaintiff, <br><br> v. <br><br> **TR II CORPORATION d/b/a MCDONALD'S** <br> 753 St. George Avenue <br> Woodbridge, NJ 07095 <br><br> 924 New Hampshire Avenue <br> Lakewood, NJ 08701 <br>   Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. <br><br><br><br><br> **Complaint and Jury Demand** |

### CIVIL ACTION

Plaintiff, Kenneth Lane (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Defendant, TR II Corporation d/b/a McDonald's (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff is an African-American adult male residing at the above captioned address.

2. Upon information and belief, Defendant is an owner and operator of McDonald's restaurants with a location at 753 St. George Avenue, Woodbridge, NJ 07095 and with a corporate

headquarters located at 924 New Hampshire Avenue, Lakewood, NJ 08701.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted his administrative remedies under Title VII.

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and race discrimination against Defendant.

11. The Charge was assigned Charge Number 524-2019-00182 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request, dated May 21, 2019. Plaintiff received the Right to Sue notice by mail.

13. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

15. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. On August 18, 2017, Defendant hired Plaintiff in the position as of part-time Crew Member.

17. Plaintiff was well qualified for his position and performed well.

18. On November 10, 2017, Defendant promoted Plaintiff to Maintenance.

19. Plaintiff was well qualified for the position and performed well.

20. In or around January 2018, Kinsley Okoh (African), Manager, and Matthew Lobas, Crew Member, began to ask Plaintiff if he was homosexual.

21. Plaintiff informed Mr. Okoh and Mr. Lobas that he was not, but they continued to repeatedly ask him this inappropriate and sexually harassing question.

22. In or around this same time, Ann Marie Krantz (Caucasian), Crew Member, rubbed Plaintiff's buttocks with her hand.

23. Plaintiff instructed Ms. Krantz to stop and reported the sexual harassment to Akasha Lopez (Hispanic), Assistant Manager, in person.

24. However, Ms. Lopez refused to address Plaintiff's complaint and did not discipline Ms. Krantz.

25. In or around February 2018, Ms. Krantz against rubbed Plaintiff's buttocks with her hand.

26. Plaintiff against told Ms. Krantz to cease her sexual harassment.

27. Ms. Krantz responded, "Oh what are you a faggot or something?"

28. Plaintiff immediately reported Ms. Krantz's sexual harassment and comment to Jasmin Marie Moses (Hispanic), Shift Manager, in person.

29. Ms. Moses responded, "Oh she does that to everyone," and took no further action to address Plaintiff's complaint.

30. Plaintiff returned to Ms. Krantz and told her to cease her sexual harassment and not to touch him again.

31. Ms. Krantz proceeded to then slap Plaintiff and say, "Fuck you."

32. Shortly afterwards, Ms. Krantz showed Plaintiff a picture of her genitals on her cell phone.

33. When Plaintiff asked Ms. Krantz why she had shown him that picture, she responded that she had also shown the picture to Mr. Okoh.

34. On January 29, 2018, Defendant hired Caesar Moreno (Hispanic) in a Maintenance position.

35. Shortly afterwards, in or around the end of February 2018, Defendant began to significantly decrease Plaintiff's hours and assign these hours to Mr. Moreno.

36. Plaintiff's scheduled shifts decreased from approximately six (6) per week, to two (2) to three (3) shifts per week.

37. Plaintiff complained about Defendant's cutting his hours to Chris Johnson (Caucasian), Area Supervisor, in person.

38. However, Mr. Johnson responded by telling Plaintiff, "I like you Kenny."

39. In or around March 2018, Plaintiff was washing dishes when Mr. Johnson approached him from behind and grinded his genitals into his buttocks for 30-60 seconds. Mr. Johnson was aroused.

40. Mr. Okoh watched as Mr. Johnson did this to Plaintiff.

41. Later that day, Plaintiff overheard Mr. Johnson telling Mr. Okoh, "That's my energy in him." (In referring to Plaintiff).

42. After this incident, Plaintiff's hours continued to be cut.

43. Plaintiff complained to Ms. Lopez about his hours being reduced, but she instructed him to speak with Mr. Johnson.

44. Plaintiff followed Ms. Lopez's instructions and again complained to Mr. Johnson about the reduction in his hours.

45. Mr. Johnson responded, "I told you Kenny, I like you."

5

46. Plaintiff took Mr. Johnson's statement to imply a *quid pro quo* arrangement.

47. Shortly afterwards, Plaintiff reported the incident of Mr. Johnson grinding his genitals into his buttocks for an extended period of time to Ms. Lopez and Ms. Moses in person.

48. However, neither Ms. Lopez nor Ms. Moses took any action to address Plaintiff's complaint of egregious sexual harassment.

49. On May 2, 2018, Dr. Henry Sardur placed Plaintiff on a medical leave of absence. He was constructively discharged.

50. It is Plaintiff's position that he was discriminated against due to his race, sexually harassed, retaliated against for reporting sexual harassment in violation of Title VII.

## COUNT I
## RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff is a member of a protected class in that he is African-American.

53. Plaintiff was qualified to perform the job for which he was hired.

54. Plaintiff suffered adverse job actions, including, but not limited to termination.

55. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

56. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

57. Defendant discriminated against Plaintiff on the basis of race.

58. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

59. The reasons cited by Defendant for the above cited adverse employment action that

Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II
### RACE DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

60. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

61. Plaintiff is a member of a protected class in that he is African-American.

62. Plaintiff was qualified to perform the job for which he was hired.

63. Plaintiff suffered adverse job actions, including, but not limited to termination.

64. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

65. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

66. Defendant discriminated against Plaintiff on the basis of race.

67. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

68. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III
### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Taken together, the acts outlined above constitute a hostile work environment based on sex.
    a. Plaintiff suffered intentional discrimination because of his membership in a protected class – male.
    b. Such discrimination was severe, pervasive, and regular.
    c. Such discrimination detrimentally affected Plaintiff.
    d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.
71. The unlawful employment practices outlined above were intentional
72. Plaintiff suffered tangible employment actions as alleged herein.
73. The harassers were supervisors and coworkers of Plaintiff.
74. Plaintiff reported the sexual harassment to management on numerous occasions.
75. Defendant knew or reasonably should have known of the sexual harassment.
76. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.
77. Indeed, upon information and belief, Defendant failed to discipline the harassers for their misconduct, which caused Plaintiff to be subjected to further harassment.
78. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.
79. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.
80. The extreme and outrageous acts of Defendant merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## NEW JERSEY LAW AGAINST DISCRIMINATION

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. The foregoing conduct created a sexually hostile work environment for Plaintiff.

83. Plaintiff suffered intentional discrimination because of his sex.

84. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

85. The harassers were supervisors and coworkers of Plaintiff.

86. The discrimination detrimentally affected Plaintiff.

87. Plaintiff suffered tangible employment actions as alleged herein.

88. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

89. Defendant knew or reasonably should have known of the sexual harassment.

90. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V
## SEXUAL HARASSMENT – *QUID PRO QUO*
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

91. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

92. Plaintiff is a member of a protected class (male).

93. Plaintiff was subject to unwelcome conduct by his supervisor.

94. Plaintiff's reaction to their advances affected tangible aspects of his employment, including continued employment by Defendant.

95. Mr. Johnson was an employee of Defendant who had significant authority and decision-making, and the ability to terminate Plaintiff's employment.

96. The unlawful employment practices outlined above were intentional.

97. Defendant engaged in the unlawful employment practices outlined above with malice or reckless indifference to the federally protected rights of Plaintiff.

98. As a result of Defendants' actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish and loss of enjoyment of life's pleasures, as well as damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI
### SEXUAL HARASSMENT – *QUID PRO QUO*
### NEW JERSEY LAW AGAINST DISCRIMINATION

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff is a member of a protected class (male).

101. Plaintiff was subject to unwelcome conduct by his supervisor.

102. The conduct was intentional and based upon Plaintiff's gender.

103. Submission to the unwelcome conduct and sexual advances was a condition of Plaintiff's employment.

104. As a result, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra.*

## COUNT VII
## RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff engaged in activity protected by Title VII.

107. Plaintiff complained of sexual harassment internally by reporting the aforementioned sexual harassment to Defendant's managers.

108. Thereafter, Defendant took adverse employment action against Plaintiff, including, but not limited to, constructive discharge.

109. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII
## RETALIATION
## <u>NEW JERSEY LAW AGAINST DISCRIMINATION</u>

110. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

111. Plaintiff engaged in activity protected by the NJLAD when he complained of sexual harassment internally by reporting the same to managers at Defendant.

112. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

113. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kenneth Lane, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the NJLAD.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: August 20, 2019     **By:**    _/s/ David M. Koller_
David M. Koller, Esquire (037082002)
Sarah R. Lavelle, Esquire (027632004)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*